### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**DAVID EARL BROWN, JR.**                                              **PETITIONER**

**v.**                                    **CIVIL ACTION NO. 1:26-cv-00034-HSO-BWR**

**BURL CAIN**
*Commissioner of MDOC*                                              **RESPONDENT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion to Dismiss for Failure to Exhaust [7] filed by Respondent Burl Cain, and the Motion to Stay and Hold Petition in Abeyance [2] filed by *pro se* Petitioner David Earl Brown, Jr. Having considered the submissions of the parties and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [7] Brown's § 2254 federal habeas Petition [1] should be granted, that Brown's Motion to Stay and Hold Petition in Abeyance [2] should be denied; and that Brown be allowed to file an amended petition including only his exhausted claim.

### I. BACKGROUND

A.    <u>Criminal Proceeding</u>

On October 19, 2022, Brown was convicted by a jury in the Harrison County Circuit Court, Cause No. B2401-2021-659, of three counts of touching a child for lustful purposes and four counts of sexual battery. State Court Record (SCR) [6-1] at 136-41. On November 14, 2022 (with a filing date of November 16, 2022), Brown was sentenced to serve a total of forty-five years in the custody of the Mississippi Department of Corrections ("MDOC"), with ten years suspended and five years reporting post-release supervision. *See* Ex. A to Mot. [7-1].

B.   Direct Appeal

Brown, through counsel, appealed his convictions and sentences, raising the following grounds for the appellate court's review:

I.   The trial court should have allowed the admission of witness Karen Brown's testimony. This evidence was relevant and necessary for David Brown's right to present a complete defense, and the exclusion of it requires reversal.

II.   The trial court should have quashed the indictment. The denial of Brown's motion to quash requires this court to reverse.

III.   The evidence was insufficient as to counts one (1), two (2), four (4), and five (5). The trial court should have granted Brown's motion for a directed verdict for these counts, and its denial of this motion requires reversal.

IV.   This Court is asked to review the record for any plain error that may be noticed by it and which is not assigned or distinctly specified by Brown.

SCR [6-9] at 5.

On July 23, 2024, the Mississippi Court of Appeals affirmed Brown's convictions and sentences. *See* Ex. B to Mot. [7-2]; *Brown v. State*, Cause No. 2023-KA-00082-COA, 402 So. 3d 765 (Miss. Ct. App. 2024). Brown petitioned for rehearing, only asserting Ground One above, that the trial court denied his constitutional right to a complete defense by excluding the testimony of witness Karen Brown. *See* SCR [6-6] at 18–21. The Mississippi Court of Appeals denied Brown's petition for rehearing on November 26, 2024. *Id.* at 15.

On December 23, 2024, Brown petitioned the Mississippi Supreme Court for certiorari review, asserting his claim that the trial court denied his constitutional right to a complete defense by excluding the testimony of witness Karen Brown. *See*

2

SCR [6-7] at 9–18. On February 18, 2025, the Mississippi Supreme Court denied Brown's certiorari petition. *Id.* at 2.

### C. Post-Conviction Filings

Brown concedes that he has not yet filed any motions for post-conviction relief ("PCR") in state court challenging his Harrison County convictions and sentences. *See* Pet. [1] at 6-10; Mot. for Stay and Abeyance [2]. Respondent states that the Mississippi Supreme Court online records confirm that as of April 1, 2026, Brown has filed no post-conviction proceedings in that court. Resp't's Mot. [7] at 4.

### D. Federal Habeas Petition

Brown filed his federal Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 3, 2026, alleging the following grounds for relief:

**Ground One**: Denial of the constitutional right to present a complete defense. The trial court excluded testimony from defense witness Karen Brown. She would have testified that the alleged victim expressed fear of going to jail if she were caught lying to law enforcement. The case turned entirely on credibility, and no physical or forensic eviden[c]e was presented. The exclusion prevented the jury from hearing critical credibility evidence.

**Ground Two**: Constitutionally deficient indictment. The indictment alleged broad date ranges spanning multiple years without specificity. The lack of particular dates prevented preparation of an alibi defense, especially during the COVID-19 period when school schedules were disrupted.

**Ground Three**: Insufficient evidence to support conviction. The convictions resulted solely on uncorroborated testimony. There was no DNA evidence, physical injury, confession, or contemporaneous reporting.

3

> No rational juror could find guilt beyond a reasonable doubt solely on the evidence presented.

**Ground Four**:   Ineffective assistance of counsel. Counsel failed to properly preserve constitutional objections, failed to lay foundations necessary to admit critical [i]mpeachment testimony, failed to investigate and present available alibi evidence, and failed to adequately frame federal constitutional claims.

Respondent filed his Motion to Dismiss [7] on April 1, 2026, arguing Brown's "mixed" federal habeas petition should be dismissed without prejudice for failure to first exhaust his available state court remedies. Respondent further argues that Brown has failed to show the requisite "good cause" to warrant a stay of his federal habeas action.

On May 4, 2026, this Court ordered Brown to file a response to the Motion [7] on or before May 25, 2026. *See* Order [9]. This Court warned Brown that his failure to file a timely response may result in the dismissal of his Petition for failure to prosecute. *Id*. Despite the Court's Order and warning, Brown never responded to the Motion.

## II. DISCUSSION

A.   <u>Brown Failed to Exhaust Grounds Two, Three, and Four in State Court</u>

Federal habeas review is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2254. Under 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). Therefore, "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). To satisfy the exhaustion requirement, the substance of the federal claim must have been "fairly presented to the highest state court." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004), *amended on reh'g in part*, 391 F.3d 703 (5th Cir. 2004). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Brown's Petition is a "mixed" petition for habeas corpus relief, since he has presented this Court "with a single petition containing some claims that have been exhausted in the state courts and some that have not." *Rhines v. Weber*, 544 U.S. 269, 271 (2005); *see also Beale v. Huffman*, No. 3:24-cv-109-SA-JMV, 2024 WL 3498250, at *2 (N.D. Miss. July 22, 2024). Brown has only exhausted Ground One, regarding the trial court's exclusion of defense witness Karen Brown, on direct appeal. While Brown initially raised Grounds Two and Three on direct appeal, he did not include those grounds in his motion for rehearing before the Mississippi Court of Appeals or in his petition for writ of certiorari in the Mississippi Supreme Court, and thus, abandoned them. *See Beale*, 2024 WL 3498250, at *2 ("While [petitioner] did advance

Ground III in direct appeal, he abandoned the argument in rehearing and in his state certiorari petition."). Brown admits that he has not presented his claim of ineffective assistance of counsel in Ground Four in any filing before the state courts. Pet. [1] at 10; Mot. [2]. Thus, Grounds Two through Four have not been "fairly presented to the highest state court" for review, and have not been exhausted. *Soffar*, 368 F.3d at 465.

    B.    <u>Brown's Motion to Stay and Hold Petition in Abeyance Should Be Denied</u>

Brown's Motion [2] requests this Court to stay and hold his Petition [1] in abeyance while he exhausts his available state court remedies. The Supreme Court recognizes a "stay-and-abeyance" procedure, where rather than dismissing the mixed petition, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines*, 544 U.S. at 275. However, "stay and abeyance should be available only in limited circumstances" because "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings . . . [and] undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277. Thus, a stay and abeyance "is only appropriate if the petitioner shows (1) good cause for his failure to exhaust, (2) his unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Beale*, 2024 WL 3498250, at *3 (citing *Rhines*, 544 U.S. at 277-78).

"[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.

Brown admits his Petition is a "mixed" petition, containing both exhausted and unexhausted claims. However, he mistakenly claims that Grounds One through Three are exhausted. As explained above, only Ground One has been presented to Mississippi's highest court for review, and only Ground One has been exhausted. Brown gives no reason why he failed to present Grounds Two and Three in his motion for rehearing before the Mississippi Court of Appeals or in his petition for writ of certiorari in the Mississippi Supreme Court, or why he failed to raise them in a state PCR motion prior to filing the instant habeas petition.

As for his alleged good cause for failing to exhaust Ground Four, Brown states that "[u]nder Mississippi law, claims of ineffective assistance of counsel must be raised through post-conviction collateral proceedings and are generally not addressed on direct appeal." Mot. [2] at 1. He claims his "unexhausted ineffective assistance claims are potentially meritorious . . . [since] [c]ounsel failed to preserve constitutional objections, failed to lay foundations necessary to admit critical impeachment testimony, failed to investigate and present available alibi evidence, and failed to properly frame federal constitutional claims." *Id*. Brown claims he has not engaged in intentionally dilatory litigation tactics, since "[h]e pursued a direct

7

appeal, filed a motion for rehearing, sought certiorari review in the Mississippi Supreme Court, and promptly filed this federal petition to preserve his rights." *Id.*

Brown alleges that "[a]bsent a stay, Petitioner risks expiration of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), which would permanently bar federal review of his constitutional claims." *Id.*

Brown has failed to provide *any* reason why, at approximately one year and four months after his conviction and sentence became final on February 18, 2025, he has yet to raise his ineffective assistance of counsel claim (or his claims in Grounds Two and Three), in a PCR motion in state court. In his Petition, Brown states that "[a] PCR is in preporation [sic] and has not been filed yet." Pet. [1] at 10. Brown must file a PCR motion "within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired . . . ." Miss. Code Ann. § 99-39-5 (West).

However, in order for a PCR motion in state court to toll the one-year time limitation under AEDPA, the properly filed PCR motion must be filed prior to the expiration of the AEDPA time limitation. Thus, Brown would have had to properly file his state PCR motion on or before May 19, 2026 (February 18, 2025 plus 90 days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort, plus one year) to toll the AEDPA deadline.[1] *See* 28 U.S.C.A.

---

[1] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking

§ 2244 (d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that petitioner's "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired"); *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (a properly filed PCR motion for state habeas relief, filed after the one-year AEDPA limitations runs, does not toll the federal AEDPA limitation).

There is nothing in the record to indicate that Brown has filed a PCR motion in state court since filing his Petition.

Brown has failed to show good cause for his failure to exhaust Grounds Two, Three, and Four. Accordingly, a stay and abeyance of the Petition is not warranted. *See Beale*, 2024 WL 3498250, at *3 (denying petitioner's request for stay and abeyance where he provided no substantive argument in support of his request and only made general claims that it was not his intent to delay and the denial of his

---

such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.") (internal citations and quotation marks omitted); *McGraw v. Huffman*, No. 3:24-cv-352-DPJ-MTP, 2025 WL 2014932, at *3 (S.D. Miss. June 26, 2025), R. & R. *adopted*, 2025 WL 2004708 (S.D. Miss. July 17, 2025) ("Although McGraw did not petition the United States Supreme Court for a writ of certiorari, he is credited with the time permitted for doing so" for purposes of the statute of limitations for federal habeas relief).

request would result in a miscarriage of justice); *Jackson v. Mississippi*, No. 3:24-cv-424-DPJ-ASH, 2025 WL 2589035, at *3 (S.D. Miss. July 29, 2025), R. & R. *adopted,* 2025 WL 2585685 (S.D. Miss. Sept. 5, 2025) ("Jackson has failed to show good cause warranting a stay of his mixed petition. Nowhere in his petition does he explain why he failed to exhaust."); *Jamison v. King*, No. 3:20-cv-552-KHJ-FKB, 2021 WL 2349309, at *2 (S.D. Miss. May 13, 2021), R. & R. *adopted*, 2021 WL 2349314 (S.D. Miss. June 8, 2021) (denying petitioner's motion for stay and abeyance, finding "that such 'limited circumstances' do not exist in the instant case because Jamison has failed to show 'good cause' for his failure to exhaust his claims in state court"); *see also Franklin v. McClure*, No. 3:22-cv-599-CWR-MTP, 2023 WL 2818722, at *4 (S.D. Miss. Feb. 13, 2023), R. & R. *adopted*, 2023 WL 2816888 (S.D. Miss. Apr. 6, 2023) ("Petitioner provides no reason, much less a justifiable reason, for his delays in attempting to exhaust all his claims. As the record contains no good cause for Petitioner's failure to exhaust all his claims, a stay and abeyance is not warranted."). "Since [Brown] fails to meet the first requirement of the *Rhines* test, the Court need not address the second and third elements." *Jackson*, 2025 WL 2589035, at *3.

Although the Court is not required to address the second and third elements of the *Rhines* test, the Court notes that Brown also failed to meet the third element of the *Rhines* test because Brown has engaged in intentional delay, as he failed to respond to the Motion to Dismiss as directed by the Court, and there is no indication that he has filed a state PCR motion in order to exhaust Grounds Two through Four. *See Rhines*, 544 U.S. at 278 ("[I]f a petitioner engages in abusive litigation tactics or

10

intentional delay, the district court should not grant him a stay at all."); *Beale*, 2024 WL 3498250, at *3 (stating that stay is only warranted when "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

The Court recognizes that dismissal of the Petition may result in Brown losing his opportunity for federal habeas review since a second petition, filed after his claims are fully exhausted in state court, may be time-barred under the AEDPA.[2] *Beale*, 2024 WL 3498250, at *3. Accordingly, this Court will allow Petitioner to delete the unexhausted claims (Grounds Two through Four) and proceed with the exhausted claim (Ground One). *See Rhines*, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."); *Jackson*, 2025 WL 2589035, at *3.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned recommends that:

1. Respondent's Motion to Dismiss [7] be GRANTED;

2. Brown's Motion to Stay and Hold Petition in Abeyance [2] be DENIED;

3. Brown be given thirty (30) days to file an amended petition that includes only the exhausted claim- Ground One; and

---

[2] As previously discussed, in order to toll the AEDPA deadline, Brown would have had to properly file his state PCR motion on or before May 19, 2026 (February 18, 2025 plus 90 days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort, plus one year).

4.  The Petition [1] be dismissed without prejudice if Brown fails to amend his Petition [1] within the deadline set by the Court.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which she objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which she did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 16th day of June, 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE