## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID EARL BROWN, JR.** | § | **PETITIONER** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:26cv34-HSO-BWR** |
| | § | |
| | § | |
| **BURL CAIN,** *Commissioner of* | § | |
| *MDOC* | § | **RESPONDENT** |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [10], GRANTING DEFENDANT BURL CAIN'S MOTION [7] TO DISMISS, DENYING PETITIONER DAVID EARL BROWN, JR.'S MOTION [2] TO STAY, AND REQUIRING PETITIONER TO AMEND HIS PETITION [1] WITHIN THIRTY DAYS

On June 16, 2026, United States Magistrate Judge Bradley W. Rath entered a Report and Recommendation [10], recommending that Respondent Burl Cain's ("Respondent") Motion [7] to Dismiss pro se Petitioner David Earl Brown, Jr.'s ("Petitioner") Petition [1] for Writ of Habeas Corpus be granted, that Petitioner's Motion [2] to Stay and Hold Petition in Abeyance be denied, and that Petitioner be given thirty (30) days to file an amended petition that includes only his exhausted claim, failing which the Petition [1] should be dismissed without prejudice. *See* R. & R. [10] at 11-12.

Petitioner has not objected to the Report and Recommendation [10], and the time for doing so has passed. *See* 28 U.S.C. § 636(b)(1); L.U. Civ. R. 72(a)(3). After a review of the record and relevant legal authority, the Court finds that the Report and Recommendation [10] should be adopted, that Respondent's Motion [7] to Dismiss should be granted, that Petitioner's Motion [2] to Stay should be denied,

and that Petitioner should be required to file an amended petition that includes only his exhausted claim within thirty (30) days from the entry of this Order.   If Petitioner fails to timely amend his Petition [1], this matter will be dismissed without prejudice and without further notice.

## I.   DISCUSSION

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); L.U. Civ. R. 72(a)(3).   Where no party has objected to a magistrate judge's report and recommendation, a court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").   In such cases, a court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.   *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Here, Petitioner asserted four grounds for relief in his federal habeas Petition [1], *see* Pet. [1] at 2; R. & R. [10] at 3-4, but the Magistrate Judge found that Petitioner only exhausted the state court remedies for his first claim ("Ground One"), regarding exclusion of a witness's testimony during his original trial, *see* R. & R. [10] at 4-6.   Treating the Petition [1] as a "mixed" petition for habeas corpus relief, *see id.* at 5, the Magistrate Judge determined that Petitioner "failed to show good cause for his failure to exhaust Grounds Two, Three, and Four.   Accordingly, a

stay and abeyance of the Petition is not warranted," *id.* at 9.   The Magistrate Judge ultimately recommended granting Respondent's Motion [7] to Dismiss for Failure to Exhaust, *see id.* at 11, but because dismissal might render a subsequent petition for habeas review as time-barred, he also recommended allowing Petitioner the opportunity to delete his unexhausted claims and file an amended petition asserting only the exhausted claim, Ground One, *see id.*

The record reflects that a copy of the Report and Recommendation [10] was mailed to Petitioner at his address of record on the date it was entered, June 16, 2026, and was re-mailed to him on June 17, 2026; neither copy was returned as undeliverable.   This was more than fourteen days ago, and neither Petitioner nor Respondent has filed any objections.   *See id.* at 12.   Therefore, the "clearly erroneous, abuse of discretion and contrary to law" standard of review applies. *Wilson*, 864 F.2d at 1221.

And having conducted the required review, the Court concludes that the Report and Recommendation [10] is neither clearly erroneous nor contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [10] as the opinion of this Court, grant Respondent's Motion [7] to Dismiss, deny Petitioner's Motion [2] to Stay, and require Petitioner to file an amended petition that includes only his exhausted claim, Ground One, within thirty (30) days from the entry of this Order.   If Petitioner fails to amend the Petition [1] by this deadline, this matter will be dismissed without prejudice and without further notice to him.

3

## II.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [10] of United States Magistrate Judge Bradley W. Rath, entered on June 16, 2026, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Burl Cain's Motion [7] to Dismiss for Failure to Exhaust is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner David Earl Brown, Jr.'s Motion [2] to Stay and Hold Petition in Abeyance is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner David Earl Brown, Jr. shall file an amended petition that includes only his exhausted claim (Ground One) within thirty (30) days from the entry of this Order.   Petitioner is **CAUTIONED** that if he fails to timely amend his Petition [1], it will be dismissed without prejudice and without further notice to him.

**SO ORDERED AND ADJUDGED**, this the 13th day of July, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

4